WILLIAM McCRAW.
ATTORNEY GENERAL

SCOTT GAINES.
FIRST ASSISTANT

BOB CROSS.
CHIEF LAW ENFORCEMENT
OFFICER

RUTH MYERS.
CHIEF CLERK

ASSISTANTS
JOE J. ALSUP
VICTOR W. BOULDIN
J. H. BROADHURST
WM. M. BROWN
H. GRADY CHANDLER
VERNON COE
WILLIAM C. DAVIS
L. B. DUKE
W. W. HEATH
CURTIS E. HILL
WM. MADDEN HILL

C. M. KENNEDY
LEONARD KING
LETCHER KING
GEORGE P. KIRKPATRICK
SAM LANE
ROBERT W. McKISSICK
WILLIAM McMILLAN
M. C. MARTIN
T. F. (TED) MORROW
LEON O. MOSES
PAT M. NEFF, JR.
HARRY S. POLLARD
W. B. POPE
RUSSELL RENTFRO
TOM O. ROWELL
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDRON
CHARLES B. WALKER



## OFFICE OF THE ATTORNEY GENERAL

### AUSTIN

January 11, 1939

Mr. Morris Rolston
County Attorney, Titus County
Mt. Pleasant, Texas

Dear Mr. Rolston:

Opinion No. O-46
Re: Effect of Sec. 13, Article VIII
State Constitution and Article
7345b R. C. S.

Your letter of January 5, 1939, requesting an opinion in regard to the effect of section 13, Article VIII of the State Constitution and the validity of Article 7345b of the Revised Civil Statutes of Texas, was duly received by this office.

This constitutional amendment, Section 13, Article VIII, is not self-executing. It merely directs the Legislature to put certain laws into effect. Whether or not a constitutional amendment is self-executing is expressed in 6 Ruling Case Law 57, as follows:

"A constitutional provision is self-executing where no legislation is necessary to give effect to it."

In 12 Corpus Juris, 729, it is said:

"Constitutional provisions are self-executing when there is a manifest intention that they should go into immediate effect, and no ancillary legislation is necessary to the enjoyment of a right given, or the enforcement of a duty imposed."

In Corpus Juris, 730, it is further said:

"Constitutional provisions are not self-executing if they merely indicate a line of policy or principles, without supplying the means by which such policy or principles are to be carried

into effect, or if the language of the consti-
tution is directed to the legislature, or it ap-
pears from the language used and the circumstances
of its adoption that subsequent legislation was
contemplated to carry it into effect."

As this constitutional amendment is not self-executing
it could not by itself repeal or otherwise affect previous le-
gislation.  It only gives the legislature power to do so in
certain instances.  This point of law is expressed in 12 Corpus
Juris, 727, as follows:

"Constitutional provisions are sometimes
so framed as to be inoperative until laws are
passed putting them into effect, and in this case
it is a general rule that existing statutes in
conflict with the principle of such provisions re-
main in force until the necessary legislation is
had."

The writer has not been able to find any Texas case
directly on this point, but this is no doubt the Texas law in
view of what was said in the case of Collins v. Tracy, 36 Tex.
547, as follows:

".... state Constitutions are made with ref-
erence to existing laws, which laws are not changed
by the Constitution, except so far as they may be
inconsistent with its provisions."

As far as we can find the Legislature has not com-
plied with the command of this amendment.  In other words, it
has not set up a procedure by which land can be sold for taxes
without a suit first being filed in court.  This failure of the
Legislature to pass such a law merely means that the amendment
is still inoperative.  It has happened in similar cases before.
In the case of Wiederanders v. State, 64 Tex. 133, a suit had
been brought in the District Court to escheat land, and the
only authority for it was the constitutional provision which
said that "the legislature shall provide a method for deter-
mining what lands have been forfeited, and for giving effect to
escheats."  The Supreme Court held that as the legislature had
failed to provide a method of procedure in escheats of this
kind that the constitutional provision was inoperative, and
it said:

"No officer of this state, however, has the
right to institute a proceeding to have such a for-
feiture declared, nor has any court within the state
the jurisdiction to declare such a forfeiture, until
the state through the legislature has declared the
will of the state to enforce its right to have the
forfeiture declared, and has provided the method by
which this shall be done.

"The constitution itself contemplates that the legislature shall act, and shall put in motion and provide rules for the exercise of this right.

"It provides that 'the legislature shall provide a method for determining what lands have been forfeited, and for giving effect to escheats.'

"The act under which this action was instituted neither declares the will of the state to enforce the forfeiture, nor provides a method by which it shall be done....

"No method having yet been provided by the legislature, it presents a case in which all jurists agree that the courts must wait the lead of the political authority before they can act."

In view of the above authorities, it is clear that the amendment in question did not repeal any statutes, and no legislation has been enacted in pursuance to it that has the effect of repealing any statutes.

Article 7345b, to which you refer, was passed by the 45th Legislature in 1937, after the above mentioned amendment was adopted; but as the amendment was inoperative Article 7345b was valid provided it would have been valid before the passage of this particular amendment.

Article 7345b, which provides for a method to collect taxes by filing of suit and foreclosure of lien, is authorized under Sections 1, 3, 11 and 15, Article VIII of the Constitution. Section 1, Article VIII provides:

"Taxation shall be equal and uniform.. All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law."

Section 3, Article VIII provides:

"Taxes shall be levied and collected by general laws and for public purposes only."

Section 11, Article VIII provides:

"All property, whether owned by persons or corporations shall be assessed for taxation, and the taxes paid in the county where situated, but the Legislature may, by a two-thirds vote, authorize the payment of taxes of non-residents of counties

to be made at the office of the Comptroller
of Public Accounts. And all lands and other
property not rendered for taxation by the owner
thereof shall be assessed at its fair value by
the proper officer."

Section 15, Article VIII provides:

"The annual assessment made upon landed pro-
perty shall be a special lien thereon; and all
property, both real and personal, belonging to
any delinquent taxpayer shall be liable to seizure
and sale for the payment of all the taxes and
penalties due by such delinquent; and such pro-
perty may be sold for the payment of the taxes
and penalties due by such delinquent, under such
regulations as the Legislature may provide."

These last four quoted sections of Article VIII
of the Constitution were in effect when the recent Section
13 of Article VIII was adopted in 1932; and they are still
in effect and they directly authorize the procedure for
collecting taxes by suit prescribed in Article 7345b, which
was passed by the Legislature in 1937.

You refer to Articles 7326 to 7330, inclusive, which
also provide a method of collecting taxes by suit, which
articles were in effect when Article 7345b was passed in 1937;
but those articles do not interfere in the operation of Arti-
cle 7345b which is evident by the words of paragraph 13 of
Article 7345b, which says:

"The provisions of this Act shall be cumu-
lative of and in addition to all other rights and
remedies to which any taxing unit may be entitled,
but as to any proceeding brought under this Act,
if any part or portion of this Act be in conflict
with any part or portion of any law of the State,
the terms and provisions of this Act shall govern
as to such proceeding."

Our answer to your first question is that the adoption
of the present section 13, Article VIII of the Constitution of
Texas did not repeal any prior laws on the collection of de-
linquent taxes.

Our answer to your second question is that Article

Mr. Morris Rolston, January 11, 1939, Page 5

7345b of the Revised Civil Statutes of Texas (Acts 1937, 45th Leg. p. 1494a, Ch.506) is valid and is not in violation of Section 13, Article VIII of the Constitution, and suits can be brought under this article in the District Court.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____

Assistant

CCR:BT

APPROVED:

ATTORNEY GENERAL OF TEXAS